IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No: 15-1837

**GARY RICHARDSON,**

Plaintiff.

Vs.

**CITY OF FEDERAL HEIGHTS**, a municipality; and
**KARL WILMES**, in his official capacity as chief of
 police for Federal Heights, **JOHN HESS**, individually
and in his official capacity, **CURTIC ARGANBRIGHT**,
individually and in his official capacity,

Defendants

---

## PLAINTIFF'S MOTION TO REOPEN PURSUANT TO RULE 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

---

Pursuant to local rule D.C.COLO.LCivR 7.1, Plaintiff's counsel

conferred with Defendants counsel, and they oppose this motion.

COMES NOW, the plaintiff, Gary Richardson, by and through

his undersigned attorney, Matthew William Buck, with this Motion to

Reopen Pursuant to Rule 60(b) of the Federal Rules of Civil

Procedure, and as good reason, puts forth the following:

## BACKGROUND

1.      Mr. Gary Richardson brought this action for damages and injunctive relief as well as for fees and costs arising under 42 U.S.C. §§ 1981, 1983, and 1988.

2.      Pursuant to an order of this Honorable Court, Mr. Richardson's action was dismissed with prejudice and the case was closed on April 8, 2016.

3.      The dismissal was the result of Mr. Richardson's indigence. Mr. Richardson is currently incarcerated, and he was not able to pay the fees necessary to secure expert witnesses. Failing to secure expert testimony, Mr. Richardson was not able to proceed to trial.

4.      At his last appearance before this Honorable Court, Mr. Richardson requested $1,000 for each expert witness to help him pay the necessary fees. No money was available to help Mr. Richardson pay the necessary fees.

5.      Because he could not truthfully proclaim to this Honorable Court on that day that he was able to pay the necessary expert witness fees, and therefore would not be able to provide expert testimony at trial, this Honorable Court dismissed this action with prejudice.

6.     Mr. Richardson's daughters have since come forth and have stated their willingness to pay the fees necessary to secure expert testimony in this proceeding. Mr. Richardson's daughters were willing to pay the expert fees on the day of Mr. Richardson's last appearance before this honorable court, but Mr. Richardson did not know of their willingness, and they were not present in court to declare it.

7.     Mr. Richardson was unaware of the fact that his daughters were willing to pay the necessary expert witness fees when he told the court that he would not be able to secure necessary expert testimony.

## LAW

8.     Federal Rule of Civil Procedure, Rule 60(b) provides grounds for relief from a final judgment, order, or proceeding, including for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed

or vacated; or applying it prospectively is no longer equitable; or (6)

any other reason that justifies relief. F.R.C.P. Rule 60(b).

9.      "Relief under Rule 60(b) is extraordinary and may only be

granted in exceptional circumstances." *United States v. Holmes*, Civil

Action 08-cv-02446-PAB-CBS

10.     "A litigant shows exceptional circumstances by satisfying one or

more of Rule 60(b)'s six grounds for relief." *Van Skiver v. United*

*States*, 952 F.2d 1241 (10th Cir. 1991).

11.     A motion under Rule 60(b)(1) must be made no more than one

year after the entry of the order. *See*, F.R.C.P. 60(c)(1).

12.     A motion under Rule 60(b)(6) must be made within a

reasonable time. *See*, F.R.C.P. 60(c)(1).

13.     A motion for relief from a judgment under Rule 60(b) is

addressed to the sound discretion of the trial court. *Pelletier v. United*

*States*, Civil Action 11-cv-01377-WJM-CBS. *See also*, *Beugler v.*

*Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224 (10th Cir. 2007).

## RULE 60(b)(1)

14.     "Rule 60(b)(1) seeks to strike a delicate balance between two

countervailing impulses: the desire to preserve the finality of

judgments and the incessant command of the court's conscience that

justice be done in light of all the facts." ***United States v. Holmes***, Civil Action 08-cv-02446-PAB-CBS.

15.     Relief under Rule 60(b)(1) applies where a party has made an excusable litigation mistake. ***Id.***

16.     "As a general proposition, the mistake provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order." ***Cashner v. Freedom Stores, Inc.***, 98 F.3d 572 (Cir. 1996).

17.     Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1). ***Pelican Prod. Corp. v. Marino***, 893 F.2d 1143, 1146 (10th Cir. 1990).

18.     The burden of proving excusable neglect rests with the party moving to have the judgment set aside. ***Robledo-Valdez v. Smesler***, a Civil Action 12-cv-01833-WYD-KLM.

19.     Here, Mr. Richardson and his counsel made an excusable litigation mistake when this Honorable Court was told that expert witness fees were beyond Mr. Richardson's financial ability. Neither

Mr. Richardson nor his counsel knew that Mr. Richardson's daughters had extra funds to pay expert witness fees and did not know that they were willing to pay them. Mr. Richardson's excusable litigation mistake resulted in the dismissal of this action.

20.    "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.*, *See also*, *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005).

21.    Here, Mr. Richardson's statement that he could not afford to pay the necessary expert witness fees was true. Mr. Richardson's mistake was not due to his own carelessness or that of his counsel. Mr. Richardson was incarcerated at the time that he made the statement, and remains so. As an inmate, Mr. Richardson does not have a wage or salary-paying job, and he is indigent. Mr. Richardson did not know, that, when he told this Honorable Court that he was not able to pay the expert witness fees, that his loving daughters were willing to pay those fees for him. Communication between Mr. Richardson and his daughter's was difficult at the time, and remains difficult due to the restrictions on his liberty that he suffers because of his incarceration.

22.     When making equitable determinations regarding excusable neglect, courts consider five factors: (1) the dangers of prejudice to the opposing party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the mistake was within the reasonable control of the movant and whether the movant acted in good faith, and; (5) whether the moving party's underlying claim is meritorious. ***United States v. Holmes***, Civil Action 08-cv-02446-PAB-CBS.

23.     Regarding the first equitable factor, reopening this action does not cause prejudice to Defendants. The facts underlying the civil rights action are that Defendants Hess and Arganbright shot Mr. Richardson after they very rudely woke him up from a deep sleep. This Honorable Court entered an order favorable to Defendants not based on the merits of their defensive case, but rather it was entered due to Mr. Richardson's indigence, which resulted in his inability to pay necessary expert witness fees. If this case is reopened, Defendants will suffer no prejudice in having to defend against it because the dismissal was recent, and because it was the result of poverty.

24.     Regarding the second equitable factor, the length of delay here is very short. Mr. Richardson's civil rights action was closed on April 8,

2016, well within the one-year period of time allowed for the filing of motions for relief pursuant to Rule 60(b)(1). F.R.C.P. Rule 60(c)(1).

25.     Regarding the third equitable factor, the reason for the delay in filing this motion is that Mr. Richardson did not know that his daughter's were willing to pay the necessary expert witness fees until he had the opportunity to tell them that this action had been dismissed. Due to the fact that Mr. Richardson is incarcerated, and his liberty is restrained, it was several months before he told his daughters about the dismissal. After he told them of the dismissal, Mr. Richardson's daughters told him that they were willing to pay the necessary expert witness fees.

26.     Regarding the fourth equitable factor, Mr. Richardson acted in good faith. He was truthful when he told this Honorable Court that he was not able to pay the necessary expert witness fees, and, at the time, he did not know that his daughter's were willing to pay them. Further, Mr. Richardson could not have imagined that his daughter's were willing to pay his expert witness fees when they themselves struggle financially.

27.     Regarding the fifth equitable factor, it would be hard to find a more meritorious claim than that here, where Mr. Richardson was

shot several times by Defendants after they accosted him at night, waking him up from a deep sleep. The shooting caused Mr. Richardson to suffer tremendous pain and he was hospitalized for a lengthy time. Defendants were acting aggressively towards Mr. Richardson, late at night and at his home, and Mr. Richardson was trying to escape their harm when they shot him multiple times.

28.     Justice here requires that this case be reopened. Mr. Richardson's civil rights action was dismissed merely due to his poverty and the fact that he was not able to afford the financial burden of expert witness fees. Mr. Richardson suffered tremendously after being shot, and his civil rights action against Defendants was dismissed due only to his poverty, rather than due to the merits of any defense offered by Defendants. Each of the equitable factors considered by this Honorable Court falls in favor of reopening this case pursuant to Rule 60(b)(1). Defendants cannot claim that they will suffer unjustly from the reopening of this case, as their only burden will be facing a jury of their peers before whom they can attempt to justify their actions. With the financial support of his daughters, Mr. Richardson will be able to afford to pay expert witness fees, and this case can proceed to trial with very little, if any, delay.

## RULE 60(b)(6)

29.     "The tenth circuit has described Rule 60(b)(6) as a grand reservoir of equitable power to do justice in a particular case ... a court may grant a rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." ***Handy v. City of Sheridan***, Civil Action 12-cv-01015-WYD-KMT.

30.     Relief under Rule 60(b)(6) must be based on reasons other than those enumerated in the remaining five clauses of Rule 60. ***Simpson v. University of Colorado***, Civil 02-cv-2390-REB-CBS.

31.     "Relief under Rule 60(b)(6) is appropriate when circumstances are so unusual or compelling that extraordinary relief is warranted or when it offends justice to deny such relief. ***Nero v. American Family Mutual Insurance Co.***, Civil Action 11-cv-02717-PAB-MJW (internal quotations omitted).

32.     "Courts have granted relief under Rule 60(b)(6) when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable, where a party is indigent or when it offends justice to deny such relief." ***Mitchell v. Estrada***, Civil Action 03-cv-00387-PAB-MJW (internal quotations omitted).

33.    Relief pursuant to Rule 60(b)(6) is available to movants for any reason other than those five enumerated in Rule 60(b)(1) through (5), so long as the interests of justice will be served by the granting of relief. ***Handy v. City of Sheridan***, Civil Action 12-cv-01015-WYD-KMT, ***see also***, ***Simpson v. University of Colorado***, Civil 02-cv-2390-REB-CBS.

34.    If this Honorable Court finds that relief is not warranted pursuant to Rule 60(b)(1), then relief is proper under Rule 60(b)(6) because the circumstances present here are compelling and because it would offend justice to deny relief. ***See***, ***Nero v. American Family Mutual Insurance Co.***, Civil Action 11-cv-02717-PAB-MJW (internal quotations omitted). Unlike many motions for relief pursuant to Rule 60(b)(6), the Defendants here attempted to murder Mr. Richardson by shooting him. Failing to provide relief to Mr. Richardson will offend the interests of justice because Defendants will not have to face a jury of their peers regarding their wanton and violent actions: the protection of society demands that this action proceed to trial. The dismissal of this action occurred only because of Mr. Richardson's poverty, and the court's have found that relief under Rule 60(b)(6) from a judgment is proper when a party is indigent. ***See***, ***Mitchell v.***

*Estrada*, Civil Action 03-cv-00387-PAB-MJW. Relief from this Honorable Court's order because of poverty is analogous to relief from a judgment due to indigence, because in either circumstance harm is caused and justice is subverted due to the impecuniousness of a party.

35.    The Tenth Circuit has described Rule 60(b)(6) as a grand reservoir of equitable power to do justice in a particular case. ***Handy v. City of Sheridan***, Civil Action 12-cv-01015-WYD-KMT. There are few actions as deserving of relief pursuant to Rule 60(b)(6) as this one. Failing to reopen this action, where dismissal occurred only because of Mr. Richardson's poverty will result in manifest injustice.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Richardson prays that this Honorable Court reopens this action pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and grants any further relief this Court deems just and proper, and any appropriate relief at law and equity.

Respectfully submitted this 24th day of January, 2017.

*/s/ Matthew W. Buck*
Corry & Associates
437 West Colfax Avenue, 300
Denver, CO 80204
buck@robcorry.com
303-634-2244

## CERTIFICATE OF SERVICE

I, Matthew W. Buck, do hereby certify that on January 24, 2017, I did
hereby serve the following parties via the Court's ECF system.

J. Andrew Nathan
Brenden Desmond
Attorney for Defendants
Nathan, Dumm & Mayer, P.C.
7900 East Union Avenue, Suite 600
Denver, CO 80237-2776
Phone number: (303) 691-3737
Fax number: (303) 757-5106
anthan@nbdmlaw.com
bdesmond@nbdmlaw.com